Case number 23-1961 Adam Berry v. Experian Information Solutions, Inc. Argument not to exceed 15 minutes per side. Mr. Shimi, you may proceed for the appellate. Good afternoon, Your Honors. Thank you. May it please the Court, my name is Tarek Shami. On behalf of the appellant, Mr. Berry, may I reserve five minutes for rebuttal, please? The issue before this Court is a novel issue and one that I believe to be a matter of first impression. The lower court decided that according to 15 U.S.C. 1681 S.1, that Experian, the appellee, had no duty to investigate or apply reasonable procedures to ensure maximum possible accuracy when it comes to credit reporting. The FCRA has a very stated purpose, a very specific stated purpose, which is to ensure accuracy and fairness when it comes to credit reporting. Congress understood the importance of accurate credit reporting when they enacted the statute because we understand that our country is based on credit and people's ability to obtain credit. Let's talk about this case rather than the underlying foundational principles of the country and the credit system. What exactly did you want Experian to report? Do you agree they had to report the information they got from the child support agency? Yes, we do acknowledge that upon receiving the information from the child support agency, they had to credit report. We don't object to that finding. I did object to that before. It looks like the case has evolved a little bit at least from when it was first filed. There's a distinction that needs to be made between a consumer report and a credit file. I think laying that foundation would be important. Section 1681EB applies to consumer reports. A consumer report is what is prepared when a third party requests information from a credit reporting agency. When that somebody is applying for credit, they are looking to obtain credit, we ask the CRAs to provide a credit report. The information that's provided in a consumer report can differ from whatever the subscriber or the furnisher has requested. So the information can be a number of different things. It can be limited, it can be expansive. The consumer report is one aspect. There's also a credit file. The credit file is what is contained within an individual's credit, and that's everything. There's historical data, there's every account. Certain things fall off over time, but the point is a credit file is what's contained. It includes everything. A consumer report can be limited, it can be expansive. Is your complaint about the file, not the reports, or about both? It's twofold. I would say that it's about the file. It's a little confusing to understand. As your answers are kind of revealing, it's a little confusing to understand exactly what you're complaining about. So just be as concrete as possible what it is you're saying is supposed to have happened that didn't happen. So what we're saying is this, is that when Mr. Berry disputed under 1681I, when he disputes, the appellee is required to, a consumer reporting agency is required to conduct a reasonable reinvestigation. A reasonable reinvestigation is to determine whether or not the information is accurate. If they determine that it's inaccurate, or if they're unable to verify its accuracy, they have two options. They have to delete it or modify it. On the file? Or in the report? Again, what are we... So they would have to remove it from the file. So are you saying that the child support information received from the state agency should have been removed from the file? Correct. And so what happens is this, is that on a monthly basis... The statute says... You're saying the statute only applies to reports and not files? Correct. The only thing I understand, I think I understand, is that there's a requirement that they do something with the information they got from the state agency. So if you look at 1681S1, it says, notwithstanding any other provision of this subchapter, a consumer reporting agency shall include in any consumer report. So this is specifically talking about a consumer report. This falls under that EB provision or subsection of the statute, which talks about you have to employ reasonable procedures to establish maximum possible accuracy in preparing a consumer report. So I want to take a step back and explain that when a furnisher provides information to a credit reporting agency, they, in most situations, do it on a monthly basis. They update every month. Information has changed, account balance has increased. And so what happens is this, is that when they're verifying this information and providing it, they're not creating a consumer report every time it's updated. A consumer report is only prepared when a consumer is looking to obtain credit or a creditor is... I guess I don't want to take all your time, but I just wonder, what concretely, or you keep talking about sort of concepts of if this happened, this, but what concretely was Experian supposed to do? So they should have deleted upon receiving his dispute, they should have deleted from his file. May I interrupt? I'm sorry. No, go ahead. No, so you're talking about receiving a dispute. As I understand it, Mr. Berry actually made a dispute like maybe three times. Correct. And it was the third time when he attached and sent in, as he pleads, these two court orders that say something to the effect that he has no arrears, no obligation to pay child support. Correct. Maybe to follow up on Judge Radler's question, and it sounds like Judge Gibbons has a question too, so what was Experian, what was his obligation under the law at that point, once it received the June 21 and March 22 Michigan state court orders? They should have removed it from his file. Should have removed what? The collection, this collection account, or should have modified it to report that it was zero balance. They should have done something to remove this from his file. Remove it from the file, and also in terms of issuing a report, the report should not reflect that child support is owed. Is that what you're arguing? Correct, yes. Did they issue a report? Yes, they have. Yes, they did. Mr. Berry alleges damages as far as applying for credit and stuff like that. There were subsequent reports that were issued after his dispute. To restate your position in a way that I actually think is more beneficial to you, I think your contention needs to be that the statute requires a reasonable response on the part of the credit reporting agency. When the court orders, when your client contacted Experian with the complete information from his perspective, it was not reasonable for the company to fail to do a further investigation of its own to determine whether in fact the amount was still owed. Correct. The statute says they must conduct a reasonable reinvestigation. I know, and it's a failure to act reasonably in that situation that's at the core of the claim, right? Correct. And so what is that based on? It's based on the fact that Mr. Berry is providing an order from a court. So the state agency doesn't determine- Your reasonable investigation was supposed to lead to a removal of the report from the agency from the file. Correct. And that runs into the statutory provision that says they shall provide that information. So they could reasonably investigate it. And they could think, boy, we have this court order and we have this report from the agency, their intention. I even think the court order might, you know, judges usually write about things that might trump the agency, but I have this shall language. So I would, yes, you're correct. So reasonableness runs into the shall. Well, they shall report any failure to pay child support. Mr. Berry didn't fail to pay child support. And that's really what this hinges on. Did he, so it says any information on the failure of the consumer to pay overdue support. He didn't fail to pay overdue support. He paid it. He gave irrefutable evidence. And so Mr. Berry is providing a court order, a court order that controls the state agency. The state agency doesn't determine whether- So that might be right, but Experian is not a judicial body. They're this private entity. They have a court order and they have a report from the state agency. Maybe there's some quirk in Michigan law that even when a court orders something, the agency still keeps it on the books in case there's future developments or the order's lifted until the children are 18. I don't know. I'm not saying I know this on Michigan child support law works. But maybe there's something where the agency keeps the information in case there's some change in the status of the parents. But it's putting, you know, if you're looking at it from Experian's perspective, they're not adjudicators in the sense that we are. They have this information and again, they have this shall obligation. So it's tricky. So I would respectfully disagree on the point that their job is to investigate. Investigate and determine whether or not something is accurate. And so they don't have to- or verify. They don't have to make a conclusive finding. They have to determine that it's inaccurate or accurate. Or verify its accuracy. If you have a court order that supersedes- Didn't they call the agency a couple times? There was no call. Didn't they reach out to them or didn't they confirm that it was there? So what they do is they send an ACD. It's all electronic. Electronic ACDV. It goes to them. It's through the eOscar system. They send this information. Consumer disputes. They get an automatic response. There's no investigation at all. And that's the point. They're not actually conducting an investigation. What they're doing is they're saying we're not going to do anything. We're going to report inaccurate information. And the FCRA is all about accuracy. And that was the point that I was trying to make. And so the contention is here. What the Pelley's position is is that we don't care if it's inaccurate. Which just completely goes against the purpose of the FCRA. And they actually state the significance importance. I need to bring this sentence to a conclusion. Just your bottom line is that the file had to exclude the information from the state agency. It wouldn't have been good enough, for example, to say the agency says this. The court says this. We don't know what to do with it because we're not legal adjudicators in Michigan. Your point is that it had to remove any reference to the state agency's report. And if it has any reference to it, that's a violation of the federal statute. Correct. There isn't really a way to report both positions within a consumer report. It's either they verify it as accurate or they can't verify it and have to remove or delete it. Or modify it. The file could include both, I guess. Not necessarily. I mean, isn't it always like conflicting information? You know, files have this information, we have that information. Not necessarily, no. That would not. It wouldn't. Yeah, it doesn't work like that. Thank you. May it please the court, Mayor Fetter for Experian. I think it's probably worth starting with that point about their position requiring the removal. Or better, I think, perhaps to take a step back to the question about the difference between a file and a consumer report. At least when you're dealing with this statute, there isn't a relevant difference. Because you can't report something that's not in your file. So there isn't going to be any way that you can say take something out of the file, but you can still report it. In order to report it, it's got to be in your file. And the statute is phrased in mandatory terms that we've got to report whatever information about this we get from the state child support agency. The only argument that I think I've heard about why it should have been removed is that the statute isn't mandatory if he doesn't really owe the money. But that's not what the statute says. Why, what I said earlier, why isn't the question for us whether the agency acted reasonably? Because that's the language in the statute. And, you know, your adversary has one view of what would have been reasonable. But the real question is whether what you did was in fact reasonable, right? So, I mean... Is that right? I think that, I mean, in some cases... Well, what about, what are you going to do with the statutory language if it doesn't always apply? Well, I'm not saying that it doesn't apply, because it does apply. But I think that it would be difficult for them to shift at this point to something procedural about whether we responded reasonably, because there hasn't been anything. There really isn't any indication of not responding, of Experian not investigating it reasonably. I think they're basically saying that Experian, to do it reasonably, would have had to overturn and conclude, or at least question, what the agency was saying. Ordinarily, what would happen, you know, obviously this is not going to be in the record at this stage. But ordinarily, if Experian gets a court order, they'll forward that to the agency with, you know, the ACDB that he referred to. And the agency tells you whether they are adhering to their position that, you know, this is still owed and it's still in arrears. And certainly here, we know that they came back and said, no, this money is still owed, and the statute says that they've got to, when that happens, Experian has to report it. Let me just add, I mean, Experian's got the duty, as I understand it, to ensure maximum possible accuracy.  And have reasonable procedures to investigate any dispute. So here you have a dispute, Mr. Berry's made it for the third time, he submits these court orders, no doubt about their authenticity, presumably. Yeah. At that point, why was it reasonable for Experian not to conduct some further investigation? I know that the Office of Child Support had provided information that, oh, you know, according to our records, there's still an arrearage or obligation. But there are two court orders that have now been received by Experian that say that there's no obligation.  I'm just asking. Yeah, let me answer this in two ways. I'm going to have to be careful about the way I say the first one. It's a little frustrating in this position to be dealing with it as if these orders actually contradicted what, I mean, his brief says these were about suspending child support and spousal obligations. And then there's no, he doesn't provide the orders, he doesn't paraphrase them. I would like to hear what the language is that actually got rid of the arrears obligation, because... I'm sorry, weren't the orders provided that there was a March order and a June, you did not receive the... No, no, no, not provided in the record. Not provided with the complaint or in the record in court. And so, you know, obviously they're available. And I'm just saying that, you know, I can't be here and testify to what they say. But he only paraphrased. There's nothing... So I'm clear. Yeah. I thought that the two orders were actually provided by Mr. Berry to Experian. So he alleges that he provided the two orders and we're not questioning that for purposes of... We're just hearing a motion for judgment and pleadings. And the allegations of the complaint are to that effect. Right. But they have...  But there's, again, he's not quoting the orders, so it's a very general assertion that this somehow waived what Michigan Child Services was reporting. I would love to hear what language actually did that in the orders, having looked at the orders. Can we take judicial notice of the orders? Well, I think you probably could. They're public records. And I think that, you know, when you see what the orders... The initial description is that they were about suspending obligations. And, you know, I would love to have the court do that because... If someone wanted us to do that, they could ask us to do it.  So is your argument really that, I mean, these are... That's just a preliminary point that I'm making. Okay. Then I think... But I do think that there has got to be a... Even at the pleading stage, enough to plausibly allege that this actually contradicted what Michigan Child Services was reporting. And there really isn't anything other than an assertion. There isn't anything making that assertion plausible. And some suggestion that there isn't anything plausible that Experian did not reinvestigate it appropriately. So, you know, what you have is that... I mean, if it had been litigated below as something about the reasonableness of how Experian went about the reinvestigation, then my brief would have had a lot of case citations about why this ACDV process actually is a reasonable reinvestigation. But it wasn't litigated that way, so I don't have those. And what I think, at least in the briefs here, Mr. Berry is relying on is an argument that wasn't made below about how it does say you have to report what Child Services gives you, but then there's a second provision about what you receive from another agency. And we argued waiver on that, and because it's actually really not just a different way of making the same argument, it's really a different argument, which I'll explain briefly. Even if they were correct, which they're not, as I will explain, that these court orders he submitted qualified as something from an agency under that second provision, what the statute would require is that you report that, too. It doesn't negate the obligation to report what you get from Child Services. That's the first subpart of the provision. So the question is, then, do you also have to report that? That's not at all the argument. That's an entirely different argument than they were making below. Their argument has always been, no, you have to get rid of what Child Services is saying, even though the statute says that you're required to report it. As to why these court orders don't count under that second provision... The courts aren't agencies? Well, it's part of it. Also, it's only information about a failure to pay. I mean, this is an intentionally one-way provision that says, if someone is recorded as failing to pay their support obligations, you have to report it. And basically what that does is put the onus on the person who wants to, instead of going to a consumer reporting agency to say, we want you to question what Child Services is saying, you have to get it corrected. And there's a procedure in Michigan to go to the Child Services agency and get it corrected. We cited that statute in our brief. That would be the way to do it. I'm not sure why Mr. Berig didn't do it. He may have eventually done it. But a court reporting agency has an obligation, doesn't it, to delete inaccurate information that's in its credit file or credit report. I mean, our circuit has said that. This is an exception to that, though. That's the notwithstanding clause. It's unusual, right? It's a very strong policy in favor of reporting information that someone is delinquent, to the point that it says, notwithstanding anything in this subchapter, that subchapter three of chapter 41 of Title 15, that's the whole rest of the FCRA. And including the reinvestigation provision, including the reasonable procedures provision, it's unusual but it's mandatory. And that would be the way to go about it. But I also just want to add, on that second part of S1, in terms of getting something from an agency, so it's only information about a failure to pay. It also, although I can see some perhaps slight ambiguity, if you look at the structure of the whole thing, it has to be reported to the agency, to the credit reporting agency, by the state agency. It's not, you get it from the, like there's sort of parallelism. The first one says, if it's reported to them by the, you know, Michigan Child Services, essentially. The second one says, if it's verified and reported by some other, now you could, I guess, separate verified and reported, or reported and verified and say only verified by, but the more natural reading is that this is just for information that you're getting from the agency. Then, of course, yes, a court is not ordinarily an agency in this sort of usage. So, you know, it's a, as I say, I think that argument is waived, but in any event, it doesn't hold together under the statutory language. The argument all along here has not been one about, you know, reasonable procedures divorced from coming up with what he thinks is the wrong result. The argument has been that we're supposed to remove what we're mandatorily required to report, and we're not able to do that. Notwithstanding, there's a section about reasonable investigation. Yeah. But notwithstanding that and every other section, if you get this information, you have to report it. Yes. And they get this information from the agency, and they report it. Yes, and I should say one last thing, which is also that if you're going to divorce the reinvestigation from what we're actually reporting, you're also going to run into an Article III standing problem, because the only thing that's creating standing here is the fact that, you know, he does have an interest in an Article III interest in getting accurate information reported, and it's the reporting of inaccurate information that would be the, you know, concrete injury that would give him standing. But if the reinvestigation is not something that would result in our being able to report something different, that is, you know, then it's sort of a tree falling in the forest from an Article III standpoint. If there are no other questions, thank you very much, Rox. Can you start with that last point? Because I, again, I think the notwithstanding does a lot of work also. Sure. And it just says, notwithstanding all this other stuff, if you get this information, you have to report it. It might be wrong. The agency here may well have, may be wrong about this, but they got their, the state agency, but got the information and reported it. So. Yes. So the notwithstanding clause is not negating all of the other obligations under the FCRA. The notwithstanding clause is to address conflicts that exist within the statute. And so where do those conflicts arise? So 1681 CA1, which we cite in our brief, talks about bankruptcy reporting. And so typically in bankruptcy, when you're talking, when you report payment history, all of that is put on pause when somebody files bankruptcy, right? So you're not supposed to update any accounts in a bankruptcy proceeding. And so what this is saying is notwithstanding this provision. It says notwithstanding any other provision. Like it might, that one might make sense, but what, how does that, like the reasonableness of the inquiry also seems to fall by the wayside, given that notwithstanding language. So this is notwithstanding any other provision of the subchapter when it involves a consumer report. When a consumer report is furnished or is completed. And so that takes me back. This is notwithstanding any other provision of the subject or comma. Correct. A consumer reporting agency shall include in any consumer report. So they shall include it in a consumer report. And that applies to the 1681 EB. The EB claimed that you have to follow reasonable procedures to ensure maximum possible accuracy. It has nothing to do with an I claim, our 1681 I claim, which involves disputes. So this is specifically talking about consumer reports. And it's got to be in the file to be in the report. So there's a distinction here. Yes, but it has to be removed. If at some later date, hypothetically, the child support agency refurnishes information and then they include it in a consumer report, I could argue or I could, for the sake of this argument, make and see that, hey, that might be appropriate. Hey, they received new information. They then put it in the file and it's produced in a consumer report. But we're talking specifically when Mr. Berry disputes. When Mr. Berry disputes, they had an obligation. They felled that obligation. Okay, but I get all that. But I just keep running into it. Even when they do the investigation, if they removed it, wouldn't they be violating this section that says that they have to include the agency's information? If they did a reasonable investigation and they thought, oh, I think the court order trumps what we got from the agency. No, I don't believe so because it specifically says on the failure of a consumer to pay overdue support. If their investigation found that he wasn't overdue, then how are they going to be held liable? He's not overdue. They have a report from the agency and the statute says they have to report that. Even if it's wrong, it seems like they have to report it if you look at that section. So if the court is to find that. The agency should correct its error if it made an error. So what the appellee is asking the court to find, that they should, they have no choice to report inaccurate information, knowingly report inaccurate information, because of section 1681S1. Which to me I find to be absurd because the FCRA on its face is all about accuracy. And if they know something to be inaccurate, how could they be forced to file, or how could they be forced to include something that's inaccurate? Well, finish that. I didn't mean to interrupt you. The point that I was trying to make is that if they know it's inaccurate, how can they be found liable to have been violating this section 1681S1? The other thing that I want to touch on here is that this is a motion for judgment on pleadings. And so our pleadings state that the court order says that all arrearages are waived and further payment is abated. So at least at a pleading stage, we state and we believe that we sufficiently or accurately. I'm just curious. I'm not saying you were required to do this, but is there a reason that you did not attach the orders, the communication that your client had with the credit reporting company to the pleadings? To our original pleadings? Yeah. No specific reason. I mean, they have it. When they produce documents, they have it. We don't have it. We're about to decide a motion for judgment on the pleadings. So you need to look to the pleadings, and our pleadings allege what they allege. And we think they accurately describe what was in the order. They have the order. But just real brief on the notwithstanding clause. Well, no, I guess I touched it. Go ahead. I'm going to listen. I was just going to say that it's notwithstanding any other provision. It's not all provisions. I touched on this already. It's specifically about conflicting provisions. They could have easily said notwithstanding X, Y, and Z. We have to understand why they enacted 1681S1. It's because a consumer reporting agency has the ability to choose what they can and what they will and will not report. They own the information. There's subscriber agreements. They have agreements with furnishers. And so they can say I'm not reporting this. They can voluntarily say I refuse to work with you or I refuse to accept your information and remove it. They don't have to credit report. Your answer is out of order. Thank you. We appreciate the argument both of you have given. We'll consider the matter carefully.